UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SEVIER and ROBERT THURMAN,<br><br>         Plaintiffs,<br><br>   v.<br><br>REAL TIME RESOLUTIONS, INC. A TEXAS CORPORATION,<br><br>         Defendant. | Case No.  22-cv-06693-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 4 |

Now before the Court is the motion to dismiss filed by Defendant Real Time Resolutions, Inc. ("RTR"). The Court has considered the parties' papers and the relevant legal authority, and hereby GRANTS RTR's motion to dismiss, with leave to amend.

**BACKGROUND**

On October 28, 2022, Plaintiffs Nicole Sevier and Robert Thurman ("Plaintiffs") filed an amended complaint in Contra Costa Superior Court, challenging RTR's attempts to foreclose on their property located at 1161 Camino Solano, Concord, California 94521 (the "Property"). (Dkt. No. 1-2, Ex. E, First Amended Complaint ("FAC")).  Plaintiffs bring claims for violation of California Civil Code section 2924(a)(1); violation of the Truth in Lending Act ("TILA"), 12 C.F.R. section 1026.41; violation of Rosenthal Fair Debt Collection Practice Act ("Rosenthal Act"), Cal. Civ. Code section 1788.30; violation of California Financial Code section 4978(a); unfair competition pursuant to California's Business and Professions Code sections 17200, *et seq.* (the "UCL Claim"); Cancellation of Written Instruments, Cal. Civ. Code section 3412; and

wrongful foreclosure.[1]

On October 31, 2022, RTR removed this action. (Dkt. No. 1, Notice of Removal.) In its notice of removal, RTR contends that this Court has jurisdiction under 28 U.S.C. section 1331. (*Id.* ¶ 3.) RTR also contends that this action may be removed to this Court because the events alleged in the Complaint involve real property located in Contra Costa County, California. (*Id.* ¶ 4.)

## ANALYSIS

**A.    Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its fact." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. Country of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citations

---

[1] Plaintiffs voluntarily dismissed their claim for violation of California Civil Code section 2924(a)(1). (Opposition ("Opp.") 6:20.) The Court GRANTS RTR's motion to dismiss this claim.

omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). For example, the Court can take judicial notice of the existence of public records or court documents, but it may not take judicial notice of disputed facts in those documents. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201.

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### 1. Plaintiffs' TILA Claim is Time-Barred.

Plaintiffs allege that RTR violated the TILA, 12 C.F.R. section 1026.41, for "failing to serve and disclose periodic statements for a residential mortgage." (FAC ¶ 29.) RTR argues that Plaintiffs' claim alleging RTR violated the TILA, 12 C.F.R. section 1026.41, is time-barred because of the one-year statute of limitations in 15 U.S.C. section 1640(e). (Motion to Dismiss ("Mot.") 4:25-28.) Section 1640(e) states that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation." Plaintiffs allege that they did not receive "any statement on their loan from [l]ate 2008 to December 2021." (FAC ¶ 29.) RTR alleges "that the loan in question was only assigned to RTR in December of 2021, which means that any prior failure to send statements was the fault of prior servicers, not RTR." (Mot. 5:4-6.) Plaintiffs' Opposition does not respond to RTR's arguments.

Plaintiffs' Section 1026.41 claim is time-barred on the face of the complaint. Accordingly, the Court GRANTS RTR's motion to dismiss this claim, with leave to amend. *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).

3

### 2. Plaintiffs' Fail to State a Claim Under the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Act.

Plaintiffs allege that RTR has violated the Rosenthal Act by making false statements and misrepresentations in connection with a collection of debt. (FAC ¶¶ 43, 44.) RTR asserts that Plaintiffs' "claim is conclusory and devoid of facts." (Mot. 7:13.)

To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (1) plaintiff is a "debtor," (2) the debt at issue is a "consumer debt," (3) the defendant is a "debt collector," and (4) the defendant violated a provision of the Act. Cal. Civ. Code § 1788.10; *Bostwick v. SN Servicing Corp.*, No. 21-CV-02560-LB, 2021 WL 4267492, at *1 (N.D. Cal. Sept. 20, 2021); *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1058 (C.D. Cal. 2009) (citations omitted). "In Section 1788.17, the Rosenthal Act incorporates sections 1692(b) through 1692(j) of the [FDCPA] and requires every debt collector abide by its provisions. Thus, a violation of the FDCPA constitutes a violation of the Rosenthal Act." *Bostwick*, 2021 WL 4267492, at *1.

Section 1692(e) of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). "Such a statement must be 'material' to be actionable." *Shishmanian v. ARS Nat'l Servs., Inc.*, No. CV-700608-(JOA/JWX), 2017 WL 6940528, at *4 (C.D. Cal. May 16, 2017) (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)). "Whether conduct violates Section 1692(e) . . . requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue*, 592 F.3d at 1033 (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). Specifically, Plaintiffs allege that RTR violated section 1692(e)(2) of the FDCPA. Plaintiffs allege that RTR misrepresented the amount of the debt Plaintiffs owed by including interest and fees which, they allege, "federally prohibited from collection on the Plaintiff's loan in its reinstatement calculation[.]" (FAC ¶ 43.) Plaintiffs also allege that RTR "made other false statements to Plaintiffs regarding the amount of their debt." (*Id.* ¶ 44.)

Here, Plaintiffs failed to identify which portions of the communication amount to "false,

4

deceptive, or misleading representation" or identify the amount of interest and fees that were illegally charged. Plaintiffs also fail to identify the "other false statements" regarding the amount of debt owed by Plaintiffs. Plaintiffs have not alleged "more than a sheer possibility that [RTR] acted unlawfully." *Ashcroft*, 566 U.S. at 678. Without more, the Court finds that the Section 1692(e) allegation is nothing more than "formulaic recitation[s] of the elements of a cause of action." *Id.*

Plaintiffs fail to allege conduct constituting a violation of Section 1692(e) of the FDCPA. Accordingly, the Court GRANTS RTR's motion to dismiss the Rosenthal Act claim, with leave to amend.

### 3. Plaintiffs' Fail to State a Claim Under California Financial Code Section 4978(a).

Plaintiff argues that RTR violated California Financial Code Sections 4973(f)(1) and 4979.5. "Section 4973(f)(1) applies to those who originate covered loans and Section 4979.5 applies to mortgage brokers." *Vargas-Ramos v. Specialized Loan Servicing LLC*, No. CV-2205443-(MWF/JCX), 2022 WL 18397505, at *5 (C.D. Cal. Sept. 21, 2022). Here, RTR is the servicer of the loan. (FAC ¶ 2.) Plaintiffs do not explain why the cited statutes apply to RTR.

California Financial Code Sections 4973(f)(1) and 4979.5 do not apply to RTR as they did not originate Plaintiffs' loan, nor did they serve as mortgage brokers for the loan. (Mot. 8:13-23.) *See, e.g., Vargas-Ramos*, 2022 WL 18397505 (finding California Financial Code Sections 4973(f)(1) and 4979.5 did "not apply to the moving Defendants as they did not originate Plaintiff's Loan, nor did they serve as mortgage brokers for the Loan"); *Santos v. World Cap. Fin.*, No. CV-084839-(CAS/AJWx), 2009 WL 10673190, at *3 (C.D. Cal. May 18, 2009) (dismissing claim based on California Financial Code Sections 4973(f)(1) noting "that section does not apply to defendants because defendants did not originate plaintiff's loans"); *Sutherland v. Diversified Capital Inc.*, 2008 WL 2951353, at *2 (N.D. Cal. July 24, 2008) ("[Section] 4973(f)(1) is only binding on originators of loans.").

Plaintiffs also refer to the usury provision in Article XV Section 1 of California's Constitution, "which establishes maximum interest rates that creditors can charge." *Hovey v.*

5

1  *F.S.B.*, No. 2:22-CV-06367-SB-AS, 2022 WL 18216093, at *4 (C.D. Cal. Nov. 15, 2022).

2  Plaintiffs include additional facts in its Opposition to support this allegation, including that RTR

3  charged Plaintiffs a loan rate of 12.875%. In determining the propriety of a Rule 12(b)(6)

4  dismissal, a court may not look beyond the complaint to the plaintiff's moving papers, such as a

5  memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dept. of*

6  *Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). This case is no exception.

7  Accordingly, the Court GRANTS RTR's motion to dismiss the claims under California

8  Financial Code sections and Article XV Section 1 of California's Constitution, with leave to

9  amend.

### 4.  Plaintiffs Fail to State a Claim for Cancellation of Instrument.

11  The plain language of Section 3412 permits cancellation of a void instrument, when there

12  is "reasonable apprehension that if left outstanding it may cause serious injury." Cal. Civ. Code §

13  3412. "To plead a cause of action for cancellation of instrument, plaintiff must show that he will

14  be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or

15  voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 1:10-CV-00184-OWW, 2010 WL

16  2629899, at *7 (E.D. Cal. June 29, 2010) (granting motion to dismiss because plaintiffs failed to

17  assert any valid reason, except that the defendants did not have the right to foreclose, why the

18  instruments are void or voidable). "A plaintiff must provide facts, 'not mere conclusions, showing

19  the apparent validity of the instrument designated, and point out the reason for asserting that it is

20  actually invalid.'" *Santa v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 950 (S.D. Cal. 2020)

21  (quoting *Ephraim v. Metropolitan Trust Co. of California*, 28 Cal. 2d 824, 833 (1946)).

22  Plaintiffs merely state that they have a "reasonable belief" that the Notice of Default is

23  "voidable or void ab initio" and if left outstanding, "may cause serious injury to Plaintiff." (FAC

24  ¶¶ 75, 76.) Plaintiffs do not allege facts regarding how they will be injured if the Notice of

25  Default is not cancelled or how the Notice of Default is void or voidable. *See, e.g., Johnson v.*

26  *PNC Mortgage, Inc.*, 80 F. Supp. 3d 980, 989-90 (N.D. Cal. 2015) (dismissing cancellation of

27  instruments claim for lack of injury and because plaintiff failed to show assignment of deed of

28  trust void or voidable "against them"); *Saterbak v. JPMorgan Chase Bank*, *N.A.*, 245 Cal. App.

1  4th 808, 818-19 (2016).

2  Accordingly, the Court GRANTS RTR's motion to dismiss the Cancellation of Instrument
3  claim, with leave to amend.

### 5. Plaintiffs Fail to Allege Sufficient Facts to State a UCL Claim.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). "The UCL 'borrow[s] violations of other laws and treats' them as unlawful business practices 'independently actionable under section 17200.'" *Oas v. Rama Cap. Partners, LLC*, No. 820-CV-01634-(MCS/ADS), 2020 WL 7786546, at *7 (C.D. Cal. Nov. 18, 2020) (quoting *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992) (quotations omitted)). "Where a plaintiff cannot state a claim under the 'borrowed' law, he or she cannot state a UCL claim either." *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL 2431473, at *31 (N.D. Cal. May 30, 2018) (citing *Ingels v. Westwood One Broad. Servs. Inc.*, 129 Cal. App. 4th 1050, 1060 (2005)) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law."))

Plaintiffs' UCL Claim "rise[s] and fall[s] with the substantive causes of action already discussed." *Tamburri v. Suntrust Mortg., Inc.*, 2011 WL 6294472, at *18 (N.D. Cal. Dec. 15, 2011). The Court has dismissed each of the underlying causes of action, as explained above, so it must dismiss Plaintiffs' UCL Claim. Accordingly, the Court GRANTS RTR's motion to dismiss the UCL Claim, with leave to amend provided Plaintiffs can allege sufficient facts in support of their underlying claims.

### 6. Plaintiffs Fail to State a Claim for Wrongful Foreclosure.

Plaintiffs allege that RTR wrongfully foreclosed on the Property based upon violations in the above claims. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, No. 09-CV-00091-SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable

sale under a deed of trust." *Karlsen v. American Savings and Loan Assoc.*, 15 Cal. App. 3d 112, 117-18 (1971); *Montoya v. Countrywide Bank*, 2009 WL 1813973, at *11-12 (N.D. Cal. June 25, 2009 ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt"). Plaintiffs do not allege any tender of payment, "rendering the claim deficient on its face." *Alicea*, 2009 WL 2136969, at *3. Nor do Plaintiffs "indicate in [their] Opposition that [they] are prepared to cure the deficiency in the [c]omplaint by making the offer of tender." *Id.*

Plaintiffs contend that they are excused from the above stated "tender requirement" because of RTR's violations of the other substantive claims. (FAC ¶ 82.) Plaintiffs cite no legal authority for the proposition that they may be excused from the "tender requirement." The Court has dismissed each of the underlying causes of action, as explained above. Also, the Notice of Default explicitly, bold and in capital letters, directs the Plaintiffs to RTR in order "[t]o find out the amount you must pay, or to arrange for payment to stop the foreclosure[.]" (Dkt. No. 1-2, Ex. C.) Plaintiffs have not alleged or demonstrated that they have tendered or are capable of tendering the debt owed. Accordingly, the Court GRANTS RTR's motion to dismiss Plaintiffs' claim for wrongful foreclosure, with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS RTR's motion to dismiss with leave to amend. If Plaintiffs choose to amend their allegations, they shall file a Second Amended Complaint consistent with this Order by no later than August 25, 2023.

**IT IS SO ORDERED.**

Dated: August 4, 2023

JEFFREY S. WHITE
United States District Judge