UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SEVIER and ROBERT THURMAN,<br><br>Plaintiffs,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC. A TEXAS CORPORATION,<br><br>Defendant. | Case No. 22-cv-06693-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 23 |

Now before the Court is the motion to dismiss Plaintiffs' second amended complaint filed by Defendant Real Time Resolutions, Inc. ("RTR"). The Court has considered the parties' papers and the relevant legal authority, and hereby GRANTS RTR's motion to dismiss, without leave to amend.

## BACKGROUND

On October 28, 2022, Plaintiffs Nicole Sevier and Robert Thurman ("Plaintiffs") filed an amended complaint in Contra Costa Superior Court, challenging RTR's attempts to foreclose on their property located at 1161 Camino Solano, Concord, California 94521 (the "Property"). (Dkt. No. 1-2, Ex. E, First Amended Complaint ("FAC")). Plaintiffs brought claims for violation of California Civil Code section 2924(a)(1); violation of the Truth in Lending Act ("TILA"), 12 C.F.R. section 1026.41; violation of Rosenthal Fair Debt Collection Practice Act ("Rosenthal Act"), Cal. Civ. Code section 1788.30; violation of California Financial Code section 4978(a); unfair competition pursuant to California's Business and Professions Code sections 17200, *et seq.* (the "UCL Claim"); Cancellation of Written Instruments, Cal. Civ. Code section 3412; and

1  wrongful foreclosure.

2  On October 31, 2022, RTR removed this action. (Dkt. No. 1, Notice of Removal.) In its
3  notice of removal, RTR contends that this Court has jurisdiction under 28 U.S.C. section 1331.
4  (*Id.* ¶ 3.) RTR also contends that this action may be removed to this Court because the events
5  alleged in the Complaint involve real property located in Contra Costa County, California. (*Id.* ¶
6  4.)

7  On August 4, 2023, this Court issued an order granting RTR's first motion to dismiss, with
8  leave to amend. On August 30, 2023, Plaintiffs filed their second amended complaint for
9  violation of the Truth in Lending Act ("TILA"), 12 C.F.R. section 1026.41; violation of Rosenthal
10  Fair Debt Collection Practice Act ("Rosenthal Act"), Cal. Civ. Code section 1788.30; violation of
11  California Financial Code section 4978(a); unfair competition pursuant to California's Business
12  and Professions Code sections 17200, *et seq.* (the "UCL Claim"); Cancellation of Written
13  Instruments, Cal. Civ. Code section 3412; and wrongful foreclosure. (Dkt. No. 22, Second
14  Amended Complaint ("SAC").) On September 13, 2023, RTR moved to dismiss the second
15  amended complaint. (Dkt. No. 23.)

16  The Court shall address other relevant facts as needed in its analysis.

## ANALYSIS

### A. Applicable Legal Standard.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but

1  must allege "enough facts to state a claim to relief that is plausible on its fact." *Id.* at 570. "A
2  claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw
3  the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v.*
4  *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

5  As a general rule, "a district court may not consider material beyond the pleadings in ruling
6  on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on*
7  *other grounds*, *Galbraith v. Country of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citations
8  omitted). However, documents subject to judicial notice may be considered on a motion to
9  dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary
10 judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled*
11 *on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). For
12 example, the Court can take judicial notice of the existence of public records or court documents,
13 but it may not take judicial notice of disputed facts in those documents. *See, e.g., Lee v. City of*
14 *Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hotel Employees and Restaurant Employees*
15 *Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid.
16 201.

17 If the allegations are insufficient to state a claim, a court should grant leave to amend,
18 unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th
19 Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th
20 Cir. 1990).

21 **1.  Plaintiffs' TILA Claim is Time-Barred.**

22 After this Court's initial dismissal of the TILA claim as time-barred, Plaintiffs again allege
23 that RTR violated the TILA, 12 C.F.R. section 1026.41, for "failing to serve and disclose periodic
24 statements for a residential mortgage." (SAC ¶ 24.) RTR again argues that Plaintiffs' TILA claim
25 is time-barred because of the one-year statute of limitations in 15 U.S.C. section 1640(e). Section
26 1640(e) states that "any action under this section may be brought … within one year from the date
27 of the occurrence of the violation." In their first amended complaint, Plaintiffs alleged that they
28 did not receive "any statement on their loan from [l]ate 2008 to December 2021." (FAC ¶ 29.)

Now, in their second amended complaint, Plaintiffs allege that they have not received periodic statements "since 2008 to the present." (SAC ¶ 23.) The Court rejects Plaintiffs' attempt to re-write the facts underlying their claims, especially upon review of Plaintiffs' own exhibits to their complaint which include a copy of a periodic statement from RTR dated December 9, 2021. (Dkt. No. 22-1 at 20.) Because Plaintiffs' loan was only assigned to RTR in December of 2021, any prior failure to send statements was the fault of prior servicers. Plaintiffs' TILA claim is, accordingly, time-barred. The Court GRANTS RTR's motion to dismiss this claim in the second amended complaint. Having already given the Plaintiffs an opportunity to amend to address the timeliness of their claim, the Court dismisses the claim, this time with prejudice.

> **2.  Plaintiffs' Fail to State a Claim Under the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Act.**

Plaintiffs allege that RTR has violated the Rosenthal Act by misrepresenting the amount of the debt by including interest and fees and "knowingly and intentionally engaged in harassing, oppressive, and abusive conduct toward Plaintiff when calling, sending letters, and threatening foreclosure for a debt he did not owe, due to the misrepresented amount." (SAC ¶¶ 37, 38.) Plaintiffs allege that "Defendant's continuous and consistent attempts in the form of numerous phone calls and ominous correspondence with the direct intent to collect on a debt in an erroneous amount is malicious and constitutes ill will towards Plaintiff." (*Id.* ¶ 39.)

To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (1) plaintiff is a "debtor," (2) the debt at issue is a "consumer debt," (3) the defendant is a "debt collector," and (4) the defendant violated a provision of the Act. Cal. Civ. Code § 1788.10; *Bostwick v. SN Servicing Corp.*, No. 21-CV-02560-LB, 2021 WL 4267492, at *1 (N.D. Cal. Sept. 20, 2021); *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1058 (C.D. Cal. 2009) (citations omitted). "In Section 1788.17, the Rosenthal Act incorporates sections 1692(b) through 1692(j) of the [FDCPA] and requires every debt collector abide by its provisions. Thus, a violation of the FDCPA constitutes a violation of the Rosenthal Act." *Bostwick*, 2021 WL 4267492, at *1.

Section 1692(e) of the FDCPA prohibits a debt collector from "us[ing] any false,

deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). "Such a statement must be 'material' to be actionable." *Shishmanian v. ARS Nat'l Servs., Inc.*, No. CV-700608-(JOA/JWX), 2017 WL 6940528, at *4 (C.D. Cal. May 16, 2017) (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)). "Whether conduct violates Section 1692(e) . . . requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue*, 592 F.3d at 1033 (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). Specifically, Plaintiffs allege that RTR violated section 1692(e)(2) of the FDCPA.

Plaintiffs allege that RTR misrepresented the amount of the debt Plaintiffs owed by including interest and fees which, they allege, "federally prohibited from collecting on the Plaintiff's loan in its reinstatement calculation[.]" (SAC ¶ 37.) Plaintiffs also allege that RTR "made the forementioned false statements to Plaintiff regarding the amount of his debt" and "attempted to collect more than the amount actually owed." (*Id*. ¶¶ 40, 41.) Here again, Plaintiffs fail to identify which portions of the communication amount to "false, deceptive, or misleading representation" or identify the amount of interest and fees that were illegally charged. Plaintiffs also fail to identify the amount of fees and interest that RTR allegedly charged. Although Plaintiff allege that RTR attempted to collect "more than the amount actually owed," Plaintiffs again do not state what they believed was actually owed on the loan. Plaintiffs have not alleged "more than a sheer possibility that [RTR] acted unlawfully." *Ashcroft*, 566 U.S. at 678. Without more, the Court finds that the Section 1692(e) allegation is nothing more than "formulaic recitation[s] of the elements of a cause of action." *Id.*

Plaintiffs again fail to allege conduct constituting a violation of Section 1692(e) of the FDCPA. Accordingly, the Court GRANTS RTR's motion to dismiss the Rosenthal Act claim, this time with prejudice.

### 3. Plaintiffs' Fail to State a Claim Under California Financial Code and California Usury Provision

Plaintiff argues that RTR violated California Financial Code Sections 4973(f)(1) and 4979.5. "Section 4973(f)(1) applies to those who originate covered loans and Section 4979.5

5

applies to mortgage brokers." *Vargas-Ramos v. Specialized Loan Servicing LLC*, No. CV-2205443-(MWF/JCX), 2022 WL 18397505, at *5 (C.D. Cal. Sept. 21, 2022). Here, RTR is the servicer of the loan. (SAC ¶ 2.)

California Financial Code Sections 4973(f)(1) and 4979.5 do not apply to RTR as they did not originate Plaintiffs' loan, nor did they serve as mortgage brokers for the loan. *See, e.g., Vargas-Ramos*, 2022 WL 18397505, at *5 (finding California Financial Code Sections 4973(f)(1) and 4979.5 did "not apply to the moving Defendants as they did not originate Plaintiff's Loan, nor did they serve as mortgage brokers for the Loan"); *Santos v. World Cap. Fin.*, No. CV-084839-(CAS/AJWx), 2009 WL 10673190, at *3 (C.D. Cal. May 18, 2009) (dismissing claim based on California Financial Code Sections 4973(f)(1) noting "that section does not apply to defendants because defendants did not originate plaintiff's loans"); *Sutherland v. Diversified Capital Inc.*, 2008 WL 2951353, at *2 (N.D. Cal. July 24, 2008) ("[Section] 4973(f)(1) is only binding on originators of loans.").

Plaintiffs also refer to the usury provision in Article XV Section 1 of California's Constitution, "which establishes maximum interest rates that creditors can charge." *Hovey v. F.S.B.*, No. 2:22-CV-06367-SB-AS, 2022 WL 18216093, at *4 (C.D. Cal. Nov. 15, 2022). As the Court pointed out in its order dismissing the first amended complaint, the usury statute applies to originating lenders and RTR is a servicer, not a lender.[1] Accordingly, the usury statute does not apply to RTR. In additional RTR was not party to the original transaction and to be usurious, "a contract 'must in its inception require a payment of usury'; subsequent events do not render a legal contract usurious." *Montgomery v. GCFS, Inc.*, 237 Cal. App. 4th 724, 732 (2015).

Accordingly, the Court GRANTS RTR's motion to dismiss the claims under California Financial Code sections and Article XV Section 1 of California's Constitution, this time with prejudice.

---

[1] The California constitution exempts from its usury restrictions "a loan made or arranged by a licensed residential mortgage lender or servicer." Cal. Fin. Code §§ 22002, 22060. Here, Parkside Lending LLC, the original lender, held a California Residential Mortgage Lender license at the time of the origination of the loan. (Dkt. No 23-3, Request for Judicial Notice, Ex. 1.) Accordingly, the original loan is not subject to California usury law.

6

### 4. Plaintiffs Fail to State a Claim for Cancellation of Instrument.

The plain language of California Civil Code Section 3412 permits cancellation of a void instrument, when there is "reasonable apprehension that if left outstanding it may cause serious injury." Cal. Civ. Code § 3412. "To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 1:10-CV-00184-OWW, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010) (granting motion to dismiss because plaintiffs failed to assert any valid reason, except that the defendants did not have the right to foreclose, why the instruments are void or voidable). "A plaintiff must provide facts, 'not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid.'" *Santa v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 950 (S.D. Cal. 2020) (quoting *Ephraim v. Metropolitan Trust Co. of California*, 28 Cal. 2d 824, 833 (1946)).

Plaintiffs have again not alleged facts showing that the Notice of Default ("NOD") is void or voidable. (SAC ¶ 74.) Merely alleging that they have a "reasonable apprehension" that the NOD "may cause serious injury" is insufficient. On this basis, it must again be dismissed. *See, e.g., Johnson v. PNC Mortgage, Inc.*, 80 F. Supp. 3d 980, 989-90 (N.D. Cal. 2015) (dismissing claim for cancellation of instrument for lack of injury and due to plaintiff's failure to show assignment of deed of trust was void or voidable); *see also Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 818-19 (2016).

Accordingly, the Court GRANTS RTR's motion to dismiss the Cancellation of Instrument claim, this time with prejudice.

### 5. Plaintiffs Fail to State a Claim for Wrongful Foreclosure.

In order to maintain a claim for wrongful foreclosure, a debtor must "offer to pay the full amount of the debt for which the property was a security." *Kalnoki v. First Am. Tr. Serv'g Solutions, LLC*, 8 Cal. App. 5th 23, 47 (2017) (internal citations omitted).

Plaintiffs allege that RTR wrongfully foreclosed on the Property based upon violations in the above claims. "When a debtor is in default of a home mortgage loan, and a foreclosure is

7

either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, No. 09-CV-00091-SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Savings and Loan Assoc.*, 15 Cal. App. 3d 112, 117-18 (1971); *Montoya v. Countrywide Bank*, 2009 WL 1813973, at *11-12 (N.D. Cal. June 25, 2009 ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt"). Plaintiffs do not allege any tender of payment, "rendering the claim deficient on its face." *Alicea*, 2009 WL 2136969, at *3. Nor do Plaintiffs "indicate in [their] Opposition that [they] are prepared to cure the deficiency in the [c]omplaint by making the offer of tender." *Id.*

Plaintiffs contend that they are excused from the "tender requirement" because the foreclosure sale was void and it would be inequitable to require tender. In addition, Plaintiffs contend that because the sale was wrongful, no rationale exists for "overburdening the Plaintiff with a full debt tender where the sale has been a matter of paperwork rather than payment." (Opp. Br. at 6.) Here, Plaintiffs do not allege that the conveying entity did not have the power to convey the property or that there was any irregularity on the face of the deed. Also, the Notice of Default explicitly, bold and in capital letters, directs the Plaintiffs to RTR in order "[t]o find out the amount you must pay, or to arrange for payment to stop the foreclosure[.]" (Dkt. No. 1-2, Ex. C.) Plaintiffs have not alleged or demonstrated that they have tendered or are capable of tendering the debt owed or that an exception to the tender rule applies here. Having failed to allege tender or an exception to the requirement, the Court must dismiss all claims against the title, including wrongful foreclosure and cancellation of instrument. *See, e.g., Morgan v. Aurora Loan Servs., LLC*, 646 Fed. Appx. 546, 551 (9th Cir. 2016) (affirming dismissal of a quiet title and cancellation of instruments because plaintiff failed to allege tender or excuse); *see also Farah v. Wells Fargo Home Mortgage, Inc.*, 670 Fed. Appx. 929, 929 (9th Cir. 2016) (affirming dismissal of wrongful foreclosure claim because plaintiff failed to allege tender). Accordingly, the Court GRANTS

8

RTR's motion to dismiss Plaintiffs' claim for wrongful foreclosure, this time with prejudice.

### 6. Plaintiffs Fail to Allege Sufficient Facts to State a UCL Claim.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). "The UCL 'borrow[s] violations of other laws and treats' them as unlawful business practices 'independently actionable under section 17200.'" *Oas v. Rama Cap. Partners, LLC*, No. 820-CV-01634-(MCS/ADS), 2020 WL 7786546, at *7 (C.D. Cal. Nov. 18, 2020) (quoting *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992) (quotations omitted)). "Where a plaintiff cannot state a claim under the 'borrowed' law, he or she cannot state a UCL claim either." *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL 2431473, at *31 (N.D. Cal. May 30, 2018) (citing *Ingels v. Westwood One Broad. Servs. Inc.*, 129 Cal. App. 4th 1050, 1060 (2005)) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law."))

Plaintiffs' UCL claim "rise[s] and fall[s] with the substantive causes of action already discussed." *Tamburri v. Suntrust Mortg., Inc.*, 2011 WL 6294472, at *18 (N.D. Cal. Dec. 15, 2011). Having dismissed each of the underlying causes of action, the Court must dismiss Plaintiffs' UCL claim. Accordingly, the Court GRANTS RTR's motion to dismiss the UCL claim, this time with prejudice.

### CONCLUSION

For the foregoing reasons, the Court GRANTS RTR's motion to dismiss with prejudice. The Court shall issue a separate judgment and the Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: January 5, 2024

_____
JEFFREY S. WHITE
United States District Judge